UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
'97 NOV 24 PM 2:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

SABRINA HOLT,   }
                }
    Plaintiff,  }
                }   CIVIL ACTION NO.
    vs.         }
                }   CV-96-AR-1780-S
THE CITY OF FAIRFIELD,   }
ALABAMA, ET AL.,         }
                }
    Defendants. }

ENTERED
NOV 2 4 1997

## MEMORANDUM OPINION

The court has before it the motion of defendants, the City of Fairfield, Alabama ("Fairfield"); its Mayor, Larry Langford ("Mayor Langford"); its City Attorney, Calvin Biggers ("Biggers"); its Chief of Police, Laird Sharpe ("Chief Sharpe"); and police officers Bill Stroud ("Officer Stroud") and Patricia Crear ("Officer Crear"), for summary judgment in the above-styled cause. Plaintiff, Sabrina Holt ("Holt"), a former employee of the Fairfield police department, alleges that defendants subjected her to *quid pro quo* and hostile environment sexual harassment in violation of the Civil Rights Act of 1964, *as amended*, the Civil Rights Act of 1991, 42 U.S.C. § 2000e *et seq*. ("Title VII"). Holt also alleges that defendants violated Title VII and the Civil Rights Act of 1866, 42 U.S.C. §§ 1981 and 1983 ("§ 1981 and "§ 1983"), by failing to promote her to the position of sergeant because of her gender. Finally, Holt brings several

state law tort claims against defendants. For the following reasons, the court determines that defendants' said motion is due to be partially granted.

## I. *Pertinent Undisputed Facts*

Holt, a black female, began working for the City of Fairfield police department as a patrol officer in April, 1994. On May 29, 1994, Holt was arrested in the City of Birmingham, Alabama, and charged with resisting arrest. (Def. Exh. 3). As a result of her arrest, Fairfield assigned Holt to administrative desk duty on May 31, 1994. (Pl. Exh. 1). The charges for resisting arrest remained pending against Holt until September 7, 1994. (Holt Depo. at 142).

In July, 1994, Holt became eligible to receive a promotion to the position of sergeant. (Pl. Exh. 15). She was not promoted to sergeant at that time. In November, 1994, Holt again became eligible to receive a promotion to sergeant. (Id.). Again, she did not receive a promotion to that position.

On or about August 17, 1994, Holt was in the police department's dispatch office with Officer Crear and Officer Stroud. (Pl. Exh. 3). The three officers were discussing a newspaper report of a sexual harassment lawsuit in which a woman alleged that a male police officer from another jurisdiction had

2

grabbed her breast and buttocks to lift her onto a table in the course of arresting her. Someone in the group asked how it would be possible to lift a woman in that manner. Holt claims that, during the conversation, Officer Stroud offered to demonstrate how this could be done and that he grabbed her right breast and buttocks in doing so. (Pl. Exh. 1). Holt also claims that, between October, 1994, and January, 1995, Officer Stroud continued to harass her by "making gestures with his eyes." (Id.). Finally, Holt claims that, on January 25, 1995, Officer Stroud reached toward her breasts and said "Give me the left one." (Id.). Holt first complained to supervisory personnel at Fairfield about Officer Stroud's alleged conduct in a memorandum to Chief Sharpe on January 28, 1995. (Id.).

In response to Holt's memorandum, Chief Sharpe solicited statements from Officer Crear, Officer Stroud, and possibly others within the police department. (Pl. Exh. 3 and 4; Holt Depo. at 164-65). Regarding the discussion of the newspaper report, Officer Stroud admitted in his statement that he "extended his hands toward [Holt]," but he denied ever touching her. (Pl. Exh. 4). In her statement, Officer Crear stated that Officer Stroud and Holt made contact accidentally. (Pl. Exh. 3). At the conclusion of his investigation, Chief Sharpe determined that Holt's allegations were unfounded. (Holt Depo. at 164). In

3

spite of this determination, Chief Sharpe gave Officer Stroud a "strong oral" reprimand. (Pl. Exh. 8 at 42).

On February 27, 1997, Holt requested medical leave from work due to "sexual assault, stress, depression and discrimination." (Pl. Exh. 10). She was absent without leave from work from February 27, 1995, until March 27, 1995. (Pl. Exh. 12). Not long after returning to work in May, 1995, Chief Shape advised Holt that the police department was contemplating disciplinary action against her for a variety of misconduct, including her absence without leave and the unauthorized removal of police records. (Def. Exh. 6). On May 22, 1995, Holt submitted her resignation. This lawsuit followed.

## II. *Summary Judgment Standard*

Rule 56 states in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c). The Eleventh Circuit also has observed that "[s]ummary judgment is appropriate where there exists no genuine issue of material fact and the movant is entitled to judgment as a matter of law." Turnes v. AmSouth Bank, N.A., 36 F.3d 1057, 1061 (11th Cir. 1994). Defendants have invoked Rule 56.

4

### III. *Discussion*

Holt argues in support of a purported claim of constructive discharge in her brief opposing defendants' motion for summary judgment. As defendants correctly observe, a claim of constructive discharge is conspicuously absent from both Holt's complaint and the final pretrial order entered on August 28, 1997. Fed.R.Civ.P. 16(e) provides that "[the final pretrial order] shall control the subsequent course of the action unless modified by a subsequent order." Holt has made no motion to amend her complaint or the final pretrial order to include a claim for constructive discharge. Given this fact, it is wholly inappropriate for the court to consider any such claim. Accordingly, the court will disregard any such claim.

#### A. Holt's State Law Tort Claims

As noted above, Holt's complaint includes several tort claims brought under Alabama law, including claims for assault and battery, outrage, negligent retention and supervision, and invasion of privacy. However, in her brief opposing defendants' motion for summary judgment, Holt makes no effort whatsoever to defend any of these claims. The Eleventh Circuit has said that:

> Indeed, "[t]here is no burden upon the district court to distill every potential argument that could be based upon the material before it on summary judgment. Rather the onus is upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned."

5

Lyes v. City of Riviera Beach, Fla., 1997 WL 661772 *6 (11th Cir. 1995) (emphasis supplied) (quoting Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 599 (11th Cir.), cert. denied, ___ U.S. ___, 116 S.Ct. 74 (1995)). Therefore, the court concludes that Holt's failure to defend her tort claims reflects a decision to abandon those claims. Accordingly, Holt's state law tort claims are due to be dismissed.

### B. Holt's Title VII Claims

Holt brings several claims against Mayor Langford, lawyer Biggers, Chief Sharpe, Officer Crear, and Officer Stroud pursuant to Title VII. It is well settled that individuals cannot be held liable under Title VII. Smith v. Lomax, 45 F.3d 402, 403 n.4 (11th Cir. 1995); see also Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991)(stating that individual capacity suits under Title VII are inappropriate). Moreover, according to the Eleventh Circuit, the "proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming supervisory employees as agents of the employer or by naming the employer directly." Busby, 931 F.2d at 772 (emphasis supplied). For purposes of Title VII, Holt's employer is the City of Fairfield, and she has named the city directly in her complaint. Therefore, to the extent that Holt brings claims under Title VII against Mayor Langford, lawyer Biggers, Chief Sharpe, Officer

6

Stroud, and Officer Crear in their individual and official capacities, such claims are due to be dismissed. The court will treat Holt's Title VII claims as if they proceed against Fairfield only.

In "Count One" of her complaint, Holt alleges that she failed to receive a promotion to the position of sergeant as a result of gender discrimination. Count One also contains allegations of *quid pro quo* and hostile environment sexual harassment. The court will now address each of these allegations in turn.

### 1. *Gender Discrimination in Promotions*

In July, 1994, Holt passed the qualifying examination for the position of sergeant. As a result, she became eligible to receive a promotion to that position. (Pl. Exh. 15). According to Holt, in that same year, Fairfield promoted Officer Stroud to sergeant despite the fact that he had not passed the qualifying examination. Holt claims that Fairfield's decision to promote Officer Stroud constitutes impermissible gender discrimination.

The United States Supreme Court first articulated the *prima facie* case for disparate treatment in employment settings in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817 (1973). The Court later refined this standard in Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 101 S.Ct. 1089

(1981). Over the years, courts have adapted the McDonnell Douglas-Burdine model to analyze varying types of employment discrimination claims. For example, in order to make out a *prima facie* case for discrimination in promotions, an employee must demonstrate: (1) that she is a member of a class protected by Title VII; (2) that she was qualified for the promotion; (3) that she was denied the promotion; and (4) that other equally or less qualified employees from outside the protected class received the promotion. Combs v. Plantation Patterns, 106 F.3d 1519, 1539 n.11 (11th Cir. 1997). If Holt establishes a *prima facie* case for discrimination in promotions, then the burden of production shifts to Fairfield to establish evidence of a legitimate, nondiscriminatory reason that explains why it took the employment action that it did. See Armstrong v. Flowers Hosp., Inc., 33 F.3d 1308, 1313 (11th Cir. 1994). Finally, if Fairfield meets this exceedingly light burden, then the burden shifts to Holt to show that the reason given by Fairfield is, in fact, a pretext for gender discrimination. See id. at 1313-14.

Fairfield concedes that it promoted Officer Stroud to the position of sergeant. It asserts, however, that this promotion occurred in 1993, and not in 1994, as Holt claims. (Def. Brf. at 10). Fairfield argues that, because Officer Stroud was promoted before Holt began working at Fairfield, she cannot satisfy the

8

fourth element of her *prima facie* case. Fairfield's argument is not well taken. The city points to nothing in the record which substantiates its assertion that Officer Stroud received his promotion in 1993. It may be true that Officer Stroud was promoted in 1993, but Fairfield's failure to get Holt to admit to it leaves unresolved a genuine issue of material fact as to whether Holt can make out a *prima facie* case of gender discrimination in promotions.

Nevertheless, Fairfield goes on to argue that, even if Holt can establish her *prima facie* case, summary judgment is appropriate because it can articulate a legitimate, nondiscriminatory reason for its action which Holt cannot assail as pretextual. According to Fairfield, it passed Holt over for promotion because, at the time in question, there were charges for resisting arrest pending against her in the City of Birmingham, Alabama. Although the court agrees that Fairfield advances a legitimate, nondiscriminatory reason for its decision, it does not agree that Holt has no colorable basis for a showing that is pretextual. The affidavit testimony of Gregory James, an employee with the Jefferson County Personnel Board, makes clear that pending criminal charges should not have affected Holt's eligibility for promotion. (Pl. Exh. 15). In so doing, his testimony provides a basis from which a reasonable fact-finder

9

could conclude that Fairfield's articulated reason is unworthy of belief. Thus, summary judgment is not appropriate on Holt's discrimination in promotions claim.

### 2. *Quid Pro Quo Sexual Harassment*

Holt claims that Officer Stroud made three unwelcome sexual advances to her over the course of her employment at Fairfield. First, she alleges that Officer Stroud once groped her right breast and buttocks. Second, she alleges that, in another incident, Officer Stroud asked to touch her left breast. Third, she alleges that, between October 1994 and January 1995, Officer Stroud harassed her "by making gestures with his eyes." (Pl. Exh. 1). According to Holt, these alleged incidents constitute *quid pro quo* sexual harassment.

"Quid pro quo sexual harassment occurs when [a supervisor] changes an employee's conditions of employment because of their refusal to submit to sexual demands." Virgo v. Riviera Beach Associates, Ltd., 30 F.3d 1350, 1362 (11th Cir. 1994). In the instant case, the record reveals that Officer Stroud never served in a supervisory capacity over Holt. (Def. Exh. 4 at 13). In this circumstance:

> there is no evidence that [Officer Stroud] possessed the authority or apparent authority during the period in which these events [allegedly] transpired to affect the terms of [Holt's] employment. In addition, there is neither evidence nor allegations that demonstrate that [Officer Stroud] . . . subjected [Holt] to adverse consequences or conditioned any

10

>    job benefit or detriment on her acceptance of his sexual
>    advances. [The court] therefore conclude[s] that [Holt] has
>    failed to establish a genuine issue of fact with respect to
>    her quid pro quo sexual harassment cause of action.

Farley v. American Cast Iron Pipe Co., 115 F.3d 1548, 1553 (11th Cir. 1997).

### 3. *Hostile Environment Sexual Harassment*

Holt claims that Fairfield subjected her to hostile environment sexual harassment in two ways.[1] First, she contends that "there [was] a Hostile Work environment based on the lack of an Anti-sexual Harassment policy by the City of Fairfield." (Pl. Brf. at 8). The court is not aware of any authority which stands for the proposition that employers violate Title VII simply for failing or choosing not to implement a sexual harassment policy. Rather, where an employer elects that course of inaction, an employee still has the burden of showing that the employer knew or had constructive knowledge of the alleged harassment in order for liability under Title VII to attach. As the Eleventh Circuit recently explained, "[w]here there is no [sexual harassment] policy, or where there is an ineffective or incomplete policy,

---

[1] In her brief, Holt tries to advance a third claim of hostile environment sexual harassment. She alleges that she endured this form of harassment when Fairfield allowed Officer Stroud to participate in the investigation of the sexual harassment complaint that she made against him. (Pl. Brf. at 5). However, Holt points to nothing in the record which even remotely suggests that Stroud did, in fact, participate in the said investigation. Obviously, such undocumented assertions are wholly inappropriate at the summary judgment phase of litigation and need not be considered by the court.

the employer remains liable for conduct that is so severe and pervasive as to confer constructive knowledge [of the harassment]."[2] Farley, 115 F.3d at 1554. Thus, Holt's first contention is without merit as a matter of law.

Second, Holt claims that she experienced hostile environment sexual harassment as a result of Officer Stroud's alleged advances. According to the Eleventh Circuit:

> "Hostile environment sexual harassment occurs when a employer's conduct 'has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive environment.'" (Citation omitted). Title VII is violated "[w]hen the workplace is permeated with 'discriminatory intimidation, ridicule, and insult' that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" (Citation omitted). The harassing conduct must create both an objectively hostile or abusive environment — one "that a reasonable person would find hostile or abusive" — and a subjectively hostile or abusive environment — one that "the victim subjectively perceive[s] . . . to be abusive."

Fleming v. Boeing Co., 120 F.3d 242, 245 (11th Cir. 1997). Holt contends that Fairfield is directly liable for Officer Stroud's alleged harassment. (Cmplt. at ¶ 14). Direct liability for

---

[2] As Farley explains, allegedly harassing conduct must be both severe and pervasive in order to impart constructive knowledge to the employer. In an attempt to show that officials at Fairfield had such knowledge, Holt alleges that lewd jokes of sexual nature were commonplace in the city's police department. In support of this allegation, Holt offers the deposition testimony of Officer Crear. Admittedly, Officer Crear's testimony implies that lewd jokes were told regularly at the police department. (Pl. Exh. 6 at 48). However, it also makes clear that Holt was among those making such jokes. (Id.). Regardless of how pervasive such jokes may have been, if Holt's participated in telling lewd jokes, she cannot now credibly say that those jokes amounted to conduct that was severe enough to confer constructive knowledge of harassment to her employer.

12

hostile environment sexual harassment occurs only when the employer knew or, upon reasonably diligent inquiry, should have known of the alleged harassment and failed to take prompt remedial action. See Farley, 115 F.3d at 1553-54 (articulating standard for direct liability). "The employee can show that the employer knew of or should have known of harassment by proving either that she complained to higher management of the problem or that the harassment was so pervasive as to infer constructive knowledge on the part of higher management." Reynolds v. CSX Transportation, Inc., 115 F.3d 860, 866-67 (11th Cir. 1997).

Fairfield argues that Holt's second claim for hostile environment sexual harassment fails because it responded to Holt's complaint about Officer Stroud with prompt remedial action. This argument is well taken. The record reveals that Holt first complained to management at Fairfield about Stroud's alleged advances in a memorandum to Chief Sharpe on January 28, 1995. (Pl. Exh. 1). It also reveals that, upon receipt of Holt's memorandum, Chief Sharpe undertook an immediate investigation of her allegations. Chief Sharpe obtained written statements from members of the police department who might have knowledge pertaining to Holt's allegations, including Officer Crear and Officer Stroud. (Pl. Exh. 3 and 4). From this and perhaps other evidence, Chief Sharpe concluded that Holt's

allegations were unfounded. Nevertheless, as a result of Holt's allegations, Chief Sharpe gave Officer Stroud a "strong oral" reprimand. (Pl. Exh. 8 at 42). The Eleventh Circuit defines remedial action to mean "action '"reasonably likely to prevent the misconduct from recurring."'" Reynolds, 115 F.3d at 867. Given that Chief Sharpe took the prophylactic measure of reprimanding Officer Stroud despite being convinced that he had not sexually harassed Holt, the court concludes that the steps taken by Fairfield in response to Holt's allegations meet this definition. Therefore, summary judgment is appropriate on Holt's claims of hostile environment sexual harassment.

### C. Holt's § 1981 Claim

Holt alleges that defendants violated § 1981 by failing to promote her to the position of sergeant because of her gender. It is well settled that claims of gender discrimination are not cognizable under § 1981. See Runyon v. McCrary, 427 U.S. 160, 167, 96 S.Ct. 2586, 2593 (1976) (explaining that § 1981 in no way addresses claims premised on gender discrimination). As such, defendants are entitled to summary judgment on Holt's § 1981 claim.

### D. Holt's § 1983 Claim

Holt brings her claim for discrimination in promotions under both Title VII and § 1983. According to the Eleventh Circuit,

"[i]n an action proceeding under both Title VII and § 1983, the substantive elements of proof are the same under both statutes." Pearson v. Macon-Bibb County Hosp. Auth., 952 F.2d 1274, 1281 (11th Cir. 1992). Therefore, the existence of genuine issues of material fact as to Holt's Title VII claim for discrimination in promotions necessarily precludes summary judgment as to her companion § 1983 claim. See id. (holding that summary judgment is not appropriate on § 1983 claim where fact issues remain unresolved on related Title VII claim).

### IV. *Conclusion*

The court will enter a separate and appropriate order in accordance with this memorandum opinion.

DONE this 24th day of November, 1997.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE